PATRICK S. KIELY, CHIEF OF POLICE OF THE CITY OF
PLAINFIELD, PROSECUTOR, v. JAMES T. MacMURRAY,
ARTHUR E. CRONE, GEORGE F. QUINN, FERDINAND
BADER AND DAVID J. SCOTT, PENSION COMMISSION
OF THE CITY OF PLAINFIELD, RESPONDENTS.

Submitted May 13, 1927—Decided November 11, 1927.

**Municipalities—Police—Pensions—Retirement—Burden of Proof
Upon Governing Board to Establish Age of Relator—Re-
lator Contests His Retirement From Police Force Because
of Age—Evidence That Relator Had Reached the Retire-
ment Age Not Sufficient—Resolution of Retirement of Pen-
sion Commission Set Aside.**

On writ of *certiorari*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *William Newcorn*.

For the respondents, *Charles A. Reed, William F. Vosseler*
and *William George*.

PER CURIAM.

This case is before this court on a writ of *certiorari* di-
rected to the pension commission of the inhabitants of the
city of Plainfield. The writ brings up a resolution of the
pension commission retiring Patrick S. Kiely as chief of
police of the city of Plainfield. The state of the case con-
tains excerpts from the minutes of the pension commission
hearing on the subject and a transcript of the stenographer's
notes taken at the hearing on the retirement of the chief
of police held by the pension board on January 10th, 1927.
The resolution which was passed and which the prosecutor
(Patrick S. Kiely) seeks to set aside reads as follows:

"Whereas, the preponderance of evidence in the case of the
retirement of Patrick S. Kiely presented before the pension

commission indicates that he reached the age of sixty-five years on December 24th, 1926, it is hereby moved that he be retired in accordance with the provision of the Pension law of 1920, chapter 160, said action effective as of to-day."

The record shows that the prosecutor was appointed to the police department of the city of Plainfield on September 3d, 1890, as a patrolman. He was appointed a sergeant in 1896, a captain on July 2d, 1900, and chief of police on March 3d, 1902. The sole ground for retirement was the age of the prosecutor. There is nothing in the record which shows any disqualification or unfitness of the prosecutor to conduct the duties of chief of police of Plainfield. It was contended, as the resolution states, that he became sixty-five years of age on December 24th, 1926, and, hence, ineligible to continue as chief of police.

The prosecutor contends that there was no legal evidence before the pension commission to justify the adoption of the resolution. The burden of proof was on the pension commission to show that the prosecutor had passed the age of sixty-five years.

A reading of the evidence satisfies us that the contention that there is no legal evidence to support the finding of the pension commission is well founded. The evidence the commission relied upon was the testimony of Thomas Burke, sergeant-at-arms of the Elizabeth District Court, and certain certificates of which mention will be hereafter made. Burke testified that he saw a Mrs. Guinee some time in the year 1926 and that she told him that Kiely would be sixty-five years old on Christmas Eve, December 24th, 1926. Mrs. Guinee was an aunt of Kiely. She appeared at the hearing. She denied that she had ever had any conversation with Burke. She was a woman seventy-nine years of age. She testified that Kiely was born in her father's and mother's house in Fermoy, in the county of Cork, Ireland, and that he was born on December 24th, 1863. She was in the house at the time Kiely was born. She fixed the date by the fact that in 1864 a brother who had been in this country came back to Ireland and brought a campaign button. She said this

was the button of Lincoln and Lee, and that her brother came home in 1864 and that Kiely had been born the preceding December. She was able to fix the time that Kiely came to America by the fact that it was the year when Grover Cleveland was elected president. This was in 1884 (first election). While the witnes became somewhat confused upon her cross-examination with reference to the button, she remained unshaken as to the date of the prosecutor's birth. The testimony of Burke was hearsay.

The pension commission also relied upon a certificate of the bureau of vital statistics, dated February 15th, 1926, certifying to a transcript of the birth of Abbie Kiely, a daughter of the prosecutor, on January 13th, 1892. This certificate contained, among other items, a note that her father, Patrick S. Kiely, was born in Ireland and was thirty years of age. There was no testimony that Patrick Kiely had anything to do with furnishing the information contained in the birth certificate. It was, therefore, not evidential as to his age. This was *Exhibit P-1.*

*Exhibit P-2* was a certificate of the bureau of vital statistics certifying to a transcript of the marriage of Patrick S. Kiely on February 6th, 1889, which gave his age as twenty-seven years. There was no evidence that the prosecutor had given the information for this certificate. Applications for a driver's license were introduced over objection. The application of 1926 gave the age of the prosecutor as sixty-one and the application of 1924 as sixty years. These were not evidential. There was also introduced, over objection, a certificate of the state librarian containing the result of an examination of the census records for the years 1915 and 1905. The census of 1915 gave the prosecutor's age as fifty-four years and as having been born in December, 1860. The census of 1905 gave his birth as December, 1863. There was nothing to show the source of this information. They were not evidential. A baptismal certificate was also introduced. It was not properly authenticated and there was no evidence to prove the identity of the person named in the certificate as the prosecutor.

Supreme Court—Hackensack Water Co. v. State Board, &c., Haworth.

We are unable to find any testimony which sustains the finding of the pension commission that the prosecutor had reached the age of retirement on December 24th, 1926. It is unnecessary, in view of this finding, to consider the testimony offered by the prosecutor on the question of his age. The pension commission had, as has been said, the burden of showing by competent evidence that the prosecutor had reached the age of retirement. This it failed to do.

The resolution of the pension commission hereinbefore set forth is set aside, with costs to the prosecutor.