THE STATE OF NEW JERSEY, DEFENDANT IN ERROR. v.
ERNEST P. BOND, PLAINTIFF IN ERROR.

Argued May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the plaintiff in error, *Augustus S. Dreier* (*John P.
Owens*, of counsel).

For the defendant in error, *Francis Bergen*, prosecutor.

PER CURIAM.

The defendant was convicted of carnal abuse of Ruth Dim-
mick, a girl child between twelve and sixteen years of age,
and seeks a reversal of the judgment imposed upon him in
consequence. The case is here on both assignments of error
and specifications of causes for reversal.

The first of these is that the court permitted a witness to
testify to an admission made by defendant as to his age, it
being claimed that this was hearsay under the case of *Kiely*
v. *Mac Murray*, 139 *Atl. Rep.* 343; 5 *N. J. Mis. R.* 1091.
This is a misconception of the ruling in the case cited.
There it was an effort to prove the age of a police officer by
the statement of the officer's aunt. Here it was a statement
made by the defendant himself; certainly not hearsay. Be-
ing an admission against interest it was proof of the highest
order.

It is next urged that there should have been an acquittal directed by the court, and this because the evidence failed to disclose that the age of the complainant was over twelve and under sixteen years, and that the defendant was over the age of sixteen years. There was ample proof of the girl's age and as we have seen there was proof of the defendant's admission of his own age.

It is next urged that the court erred in charging the jury as follows:

"It is proven that this girl is under the age of sixteen years and over the age of twelve years."

"The evidence justifies that if this act was committed, if it was committed by the defendant at all, was done and took place in the township of Bridgewater, in this county."

A reading of the charge clearly evinces on the first point that the judge was simply telling the jury in substance what had been testified to. He was careful to tell the jury that they must be the sole judges of the facts. It was not a trespass upon their prerogative.

There was no error in the second portion of the charge. It was simply a statement that if the act was committed at all, the evidence justified a finding that it took place in the township of Bridgewater, in the county of Somerset, and this was true.

Nor was there error in submitting to the jury whether the defendant was above the age of sixteen. He had admitted to the officer that he was twenty-six years old and he was not called to the stand to deny that he had so stated.

The requests for instructions, while not specifically charged, were substantially covered in the general instructions to the jury.

Finding no error, the judgment is affirmed.